NOT FOR PUBLICATION                                                    CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PELLEGRINA FUSCO and ANTONELLA FUSCO,<br><br>Plaintiffs,<br><br>v.<br><br>ASBESTOS CORPORATION, et al.<br><br>Defendants. | Civil Action No.: 11-3301 (PGS)<br><br>**OPINION** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Plaintiffs Pellegrina Fusco and Antonella Fusco's emergency motion to remand this matter to the Superior Court of New Jersey ("Plaintiffs' Motion").

I.

On or about August 16, 2010, Plaintiffs filed this lawsuit against many Defendants including Asbestos Corporation, et al. ("Defendants") due to personal injuries (mesothelioma) contracted by her through second hand exposure to asbestos-containing products that her husband carried home on his clothing from his work.

Shortly thereafter, due to Pellegrina Fusco's severe medical conditions, the Superior Court of New Jersey placed the lawsuit on an "accelerated track" in order to ensure that Pellegrina Fusco could see the litigation through to its conclusion and participate at trial. As a result of this accelerated approach, all discovery has been completed and the state court trial is scheduled to commence on July 11, 2011.

In April, 2011, all the New Jersey Defendants were dismissed from the case, giving the remaining Defendants the opportunity to remove the state court action to federal court based on diversity of citizenship.

On June 14, 2011, Defendants filed a notice of removal ("Defendants' Notice of Removal") based on diversity of state citizenship.

On June 16, 2011, Plaintiff filed this Order to Show Cause to remand the case to the Superior Court in New Jersey in advance of the trial date.

On or about June 27, 2011, oral argument was held. At that time, neither party requested a factual hearing. As a result, the Court relies on the materials submitted.

II.

During Pellegrina Fusco's deposition in September, 2010, she testified that '[s]ometime prior to 1970 she became a citizen of the United States" and that "I am currently a citizen of both the United States and Italy." (Affidavit, pp. 7, 13). In 1964, at the age of 15, she moved to the United States and lived here until 1986 when she returned to Italy. Further, Pellegrina Falco testified that while in the United States she had worked; registered for a Social Security benefits, paid social security and other taxes, and voted. When she moved back to Italy, there is no proof that she renounced her United States citizenship. Upon her return to Italy, she registered to vote, pays taxes, and obtained an Italian drivers license (Affidavit of Pellegrina Fusco).

Defendants provided very little proof except to say Pellegrina Fusco's testimony should be rejected because "One's testimony as to [her] intention to establish a domicile, while entitled to full and fair consideration, is subject to the infirmity of any self-serving declaration, and it cannot prevail to establish domicile when it is contradicted or negatived by an inconsistent course of conduct; otherwise stated, actions speak louder than words." *Frett-Smith v. Vanterpool*, 511 F.3d 396, 401

(3d Cir. 2008) (internal quotation marks and citation omitted).

### III.

The Petition removing the matter to federal court was based solely on diversity of citizenship. 28 U.S.C. §1332(a)(1). The statute provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

Defendant contends that this Court possesses subject matter jurisdiction over this dispute. The burden of proving that subject matter jurisdiction exists rests with the removing parties – in this case, Defendants. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted). "The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer*, 913 F.2d at 111 (internal quotation marks and citation omitted).

Subject matter jurisdiction exists under section 1332(a)(1) only where the dispute is between "citizens of different states." In order to be a "citizen of a state" for the purposes of this provision, however, the person must be a citizen of the United States *and* be domiciled within a state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (*citing Robertson v. Cease*, 97 U.S. 646, 648–49 (1878) and *Brown v. Keene*, 8 Pet. 112, 115 (1834)). Put differently, "[a]n American citizen domiciled abroad, while being a citizen of the United States is, of course, not domiciled in a particular state, and therefore such a person is 'stateless' for purposes of diversity jurisdiction." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008) (citation omitted).

Here, there does not appear to be any dispute that Pellegrina Fusco lives in Italy, not in the United States. As such, under the line of reasoning set forth above, Pellegrina Fusco is not a "citizen of a state" for the purposes of section 1332(a)(1). Since subject matter jurisdiction does not exist under this provision, remand to state court is appropriate.

IV.

During the course of this application, Defendants have altered their position, and presently argue that removal was proper under the alienage provision of the statute as opposed to diversity of citizenship. The alienage section of the statute reads that "district courts shall have original jurisdiction of all civil actions . . . and is between . . . citizens of a state and citizens or subjects of a foreign state." 28 U.S.C. §1332(a)(2). Defendants contend that jurisdiction exists under section 1332(a)(2) because this action is between Defendants – a collection of entities from different states as well as Canada – and Plaintiff, an Italian resident and citizen. (*See* Defendants' Opposition Brief, pp. 8-9).

This argument is fatally flawed.[1] "A number of courts that have considered the issue of

---

[1] Even if section 1332(a)(2) did provide jurisdiction, Defendants' removal effort is still deficient. Pellegrina Fusco's deposition was taken in September, 2010, and Defendants then had the opportunity to question Pellegrina Fusco regarding her status as an American citizen. Section 1446(b) provides the proper procedure for a notice of removal in this case:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, *order* or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

(emphasis added). This District has ruled that deposition testimony can constitute the "other paper" mentioned in section 1446(b). *Connolly v. Aetna U.S. Healthcare,*

whether alienage jurisdiction exists where an individual is a dual citizen have held that only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332." *Pinto v. Spectrum Chems. and Lab. Prods.*, 2007 WL 3071694, at *3 (D.N.J. Oct. 22, 2007). Therefore, "an American national, living abroad, cannot sue or be sued in federal court under § 1332(a)(2)." *Frett-Smith*, 511 F.3d at 400. Put differently, "an American living abroad is not by virtue of that domicile a citizen or subject of the foreign state in which he resides so as to permit invocation of the alienage jurisdiction prescribed in 28 U.S.C. § 1332(a)(2) of the Judicial Code." *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) (citation omitted).

Defendants' rely on the "dominant nationality exception;" however, the Third Circuit has not recognized that this "exception" is reached. *See Pinto*, 2007 WL 3071694 at *4. Moreover, as another circuit recently observed, the "dominant nationality exception" discussed in *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir. 1980) is dictum and not the holding of the case:

> *Sadat* discussed in dicta a hypothetical exception to this general rule in which a dual citizen whose 'dominant nationality is that of a foreign country' might be considered a citizen of a foreign state under § 1332(a)(2). 615 F.2d at 1187. *Sadat* based this hypothetical exception on the Restatement (Second) of the Foreign Relations Law of the United States § 171(c) (1965). However, *Sadat* did not endorse the 'dominant nationality' test, but merely said that it would consider the possibility 'arguendo.' *Id.* Moreover, no circuit court since *Sadat*

---

*Inc.*, 286 F. Supp. 2d 391, 399 (D.N.J. 2003) ("Because Dr. Morrison's deposition testimony gave notice to defendant that plaintiffs' claim may raise a federal ground, such testimony constitutes 'other paper' for purposes of § 1446(b)."). As such, even if this Court did hold jurisdiction, Defendants had thirty days from the date of the deposition at which Defendant "ascertained" that the case was removable. 28 U.S.C. § 1446(b). Defendants failed to remove the case in this time-frame.

has adopted or considered this test.

*Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 n.2 (7th Cir. 2009).

## Costs and Actual Expenses

Plaintiffs additionally seek "just costs and actual expenses, including attorneys fees, incurred as a result of the improper removal of this action." "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citation omitted). Here, there were, in fact, some issues regarding Pellegrina Fusco's citizenship that triggered a legitimate basis for Defendants to seek removal of the case. As such, Plaintiffs' request for costs and actual expenses is denied.

## Conclusion

As such, the Defendants have not met their burden of proof to support that the law suit should be removed to federal court. In light of Pellegrina Fusco's proof, the matter is remanded to the Superior Court of New Jersey. Plaintiffs' request for costs and actual expenses is denied.

_____
PETER G. SHERIDAN, U.S.D.J.